UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL D. WINTON,

        Petitioner,

v.                                     CIVIL ACTION NO. 04-CV-40283-FL
                                       HONORABLE PAUL V. GADOLA

PAUL H. RENICO,

        Respondent.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

Petitioner has filed a motion for a certificate of appealability concerning this Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the

1

constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Petitioner raises claims concerning the sufficiency of the evidence (habeas claims II and IV) in his petition. Although the Court continues to believe that it was correct in denying habeas relief on the merits of those claims, it finds that Petitioner has made a substantial showing of the denial of a constitutional right concerning those claims.

Petitioner also raises claims concerning the denial of a directed verdict motion (habeas claim I) and the scoring of a sentencing variable (habeas claim IV). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right as to those two claims.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's motion for a certificate of appealability. Specifically, a certificate of appealability is granted as to the insufficient evidence claims, but denied as to his directed verdict and sentencing claims.

**IT IS SO ORDERED.**

s/Paul V. Gadola
PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

DATED: December 29, 2005

---

Certificate of Service

I hereby certify that on   December 30, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                   Debra M. Gagliardi                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Paul Winton                            .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845